IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO PAUL OU-YOUNG,<br>Plaintiff,<br>v.<br>PATRICK D. ROBBINS, et al.,<br>Defendants. | Case No. 25-cv-08983-CRB<br><br>**ORDER DENYING EX PARTE MOTIONS TO DISQUALIFY JUDGE** |

Pro se Plaintiff Kuang-Bao Paul Ou-Young has filed two identical ex parte motions to disqualify the Court. See Ex Parte Mot. 1 (dkt. 13); Ex Parte Mot. 2 (dkt. 14). Ou-Young asserts that he brings the motions under 28 U.S.C. § 455(a), Civil Local Rule 3-14, and Civil Local Rule 7-10. See Ex Parte Mots. 1 and 2 at 1. But Rule 3-14 pertains to motions brought pursuant to 28 U.S.C. § 144, which this was not. And Rule 7-10 provides that a party may only file an ex parte motion if the motion "include[s] a citation to the statute, rule, or order [that] permits the use of an ex parte motion to obtain the relief sought," which these motions do not do.

Turning to the substance of the motions, section 455(a) states that "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Disqualification is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citing In re Yagman, 796 F.2d 1165, 1179 (9th Cir. 1986)). "Accordingly, recusal will be justified either by actual bias or the appearance of bias." Id. (citing Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991)). "The

1   'reasonable person' in this context means a 'well-informed, thoughtful observer,' as
2   opposed to a 'hypersensitive or unduly suspicious person.'" Clemens v. U.S. Dist. Ct. for
3   Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting In re Mason, 916 F.2d
4   384, 385 (7th Cir. 1990)).

5   The motions make two irrelevant arguments about Civil Local Rule 5-1(b), see Ex
6   Parte Mot. 1 at 1–3; Ex Parte Mot. 2 at 1–3, before turning to the basis Ou-Young urges
7   for disqualification, id. at 3. Ou-Young argues that this Court has "unduly prevented [him]
8   from initiating a case" by ruling in 2022 that judges have immunity for acts that are
9   judicial in nature, and dismissing the complaint with leave to amend so long as amendment
10  took account of judicial immunity. See Ex Parte Mot. 1 Ex. B; Ex Parte Mot. 2 Ex. B.[1]

11  The Court concludes herein that no "reasonable person with knowledge of all the
12  facts would conclude that" this Court's "impartiality might reasonably be questioned"
13  based on its holding three years ago that cited Ninth Circuit authority for a well-settled
14  principle of law. Even if this Court had been wrong in that ruling, "judicial rulings alone
15  almost never constitute a valid basis for a bias or partiality motion." See Liteky v. United
16  States, 510 U.S. 540, 555 (1994). "In and of themselves (i.e., apart from surrounding
17  comments or accompanying opinion), they cannot possibly show reliance upon an
18  extrajudicial source; and can only in the rarest circumstances evidence the degree of
19  favoritism or antagonism required . . .when no extrajudicial source is involved." Id.; see
20  also United States v. Johnson, 610 F.3d 1138, 1148 (9th Cir. 2010) ("judicial actions . . .
21  will not serve as bases for recusal absent unusual circumstances not present here.").

22  Because Ou-Young has not satisfied the requirements for disqualification under
23  //
24  //

---

[1] The document is the Order to Clerk Not to File Proposed Amended Complaint and Dismissing Initial Complaint (dkt. 10) in Ou-Young v. County of Santa Clara, et al., Case No. 22-cv-4396-CRB. In that Order, the Court cited Duvall v. Cnty of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001) for its conclusion about judicial immunity. See id. at 1.

1  section 455, the motions are DENIED.

2  Dated: January 14, 2026



CHARLES R. BREYER
United States District Judge