IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO PAUL OU-YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK D. ROBBINS, et al.,<br><br>Defendants. | Case No. 25-cv-08983-CRB<br><br>**ORDER GRANTING IN PART MOTION FOR ENTRY OF THIRD PREFILING ORDER** |

Now pending is a motion by Defendants Patrick D. Robbins, Acting U.S. Attorney, Pamela T. Johann, Chief, Civil Division, U.S. Attorney's Office, Kelsey Helland, Assistant U.S. Attorney, U.S. Attorney's Office, and Mark B. Busby, Clerk, U.S. District Court, for the entry of a third prefiling order against pro se Plaintiff Kuang-Bao Paul Ou-Young. See Vex. Mot. (dkt. 17); Reply (dkt. 22). Plaintiff has opposed this motion. See Opp'n (dkt. 20).[1] The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), VACATES the hearing previously set for February 13, 2026, and GRANTS the motion in part.

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts have the power to enjoin "litigants with abusive and lengthy histories." De Long v. Hennessy, 912 F.2d

---

[1] The opposition does not respond to the points Defendants make in their motion. Rather, it argues incorrectly that "all of the issues raised in the motion have been addressed in district judge Eumi K. Lee's Order authorizing Filing of Complaint in case 5:25-mc-80245-EKL." Id. at 1 (citing Opp'n Ex. A (dkt. 20-2)). This is wrong, as Judge Lee's order merely held that the complaint did not implicate the two existing pre-filing orders. See Opp'n Ex. A. Because he does not address any of Defendants' arguments, Plaintiff concedes them. See Tyler v. Travelers Commercial Ins. Co., 499 F. Supp. 3d 693, 701 (N.D. Cal. 2020).

1144, 1147 (9th Cir. 1990); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Before entering a prefiling order, the Court must find that (1) the litigant was given notice and an opportunity to be heard, (2) there is an adequate record for review, and (3) the order is "narrowly tailored to closely fit the specific vice encountered." De Long, 912 F.2d at 1147–48. The Court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." Id. at 1148 (citation omitted). The Court hereby extends the prefiling order as to Plaintiff.

First, Plaintiff was given notice and an opportunity to be heard. Defendants filed their motion for the entry of a third prefiling order on December 23, 2025, see Vex. Mot., and Plaintiff filed an opposition on December 29, 2025, see Opp'n. This satisfies the notice requirement. See Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000); Ou-Young v. Roberts, No. C-13-4442-EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013). "The first De Long factor does not require an in-person hearing. Courts in this circuit have held that a motion to declare a litigant vexatious does not require oral argument." Ou-Young v. Roberts, 2013 WL 6732118, at *8.

Second, there is an adequate record for review. An adequate record is one that "show[s], in some manner, that the litigant's activities were numerous or abusive." De Long, 912 F.2d at 1147. Here, the record shows that Plaintiff is a vexatious litigant with two previous federal court prefiling screening orders,[2] and at least two California state vexatious litigant orders. See Vex. Mot. at 1, n.3. The record also shows that, notwithstanding those orders, Plaintiff continues to file repetitive and frivolous lawsuits against a slew of federal employees, from court staff to President Biden. Bernardoni Decl. Ex. A (dkt. 17-2). The Court is aware of fifty-one cases brought by Plaintiff in this District. See id. (listing cases). All have been dismissed after judicial review. See Vex.

---

[2] The first was in Ou-Young v. Roberts, 2013 WL 6732118, at *11, in 2013, pertaining to certain criminal statutes and the parties named in that case, and the second was in Ou-Young v. Stone, No. 5:19-cv-7000, 2019 WL 6619879 (N.D. Cal. Dec. 5, 2019), in 2019, pertaining to federal judges. The court in the latter order held that Plaintiff had filed twenty-five complaints since the initial prefiling order, and that his conduct was both frivolous and harassing. Id. at 9.

1  Mot. at 2.  After one suit is dismissed, Plaintiff brings another suit alleging that the
2  government actors in the earlier suit conspired to deprive him of his rights; he files
3  motions to disqualify the judges involved in his previous cases, as in this case, and/or he
4  sues the judges in subsequent cases.  Id.  Plaintiff repeats this patten in successive lawsuits,
5  undeterred by previous dismissals.  Id.  Indeed, since the second prefiling order, Plaintiff
6  has attempted to file complaints naming federal officials in another 30 cases.  Id. at 6
7  (citing Bernardoni Decl. Ex. A).  In some of those cases, Plaintiff attempted to "end-run
8  the applicable pre-filing review orders" by amending his complaints after filing them,
9  adding new federal defendants.  Id. (citing Ou-Young v. Cnty. of Santa Clara, No. 5:21-cv-
10  7361-BLF, ECF No. 26 at 3 (N.D. Cal. Mar. 15, 2022)).  His cases have all been dismissed
11  as meritless, frivolous, or harassing.  Id. at 6, 8 (citing Ou-Young v. Cnty. of Santa Clara,
12  No. 5:21-cv-7361-BLF, 2022 WL 1471411, at *6 (N.D. Cal. May 10, 2022) ("Plaintiff's
13  insistence on repeatedly asserting claims that have been dismissed—in some instances
14  multiple times—shows that Plaintiff is acting in bad faith.")); see, e.g., Ou-Young v.
15  Robbins, No. 25-mc-80234-TLT, 2025 WL 2772692, at *3 (N.D. Cal. Sept. 29, 2025)
16  (case is frivolous); Ou-Young v. California, No. 25-mc-80316-AMO, 2025 WL 2917317,
17  at *2–4 (N.D. Cal. Oct. 14, 2025) (case is frivolous).  Accordingly, both the number and
18  content of Plaintiff's lawsuits support the granting of Defendants' motion.  See Molski,
19  500 F.3d at 1059 (citing De Long, 912 F.2d at 1148).

20      Third, this order is narrowly tailored.  While Defendants ask the Court to enter a
21  prefiling order requiring that Plaintiff get a judge's permission prior to filing "any civil
22  action in propria persona against any federal employee," the Court limits this order to
23  Clerk of Court Mark Busby or any employee of the U.S. Attorney's Office.  Those are the
24  defendants in this case.  See FAC ¶¶ a2–a5.  To any federal complaint that Plaintiff seeks
25  to file in propria persona—either original complaints or amended complaints—Plaintiff
26  must attach a copy of this order, as well as the two previous federal prefiling orders.  In the
27  event that one of Plaintiff's state court complaints is removed to this District, Plaintiff shall
28  file this order, as well as the two previous federal prefiling orders, within two weeks of

3

1  removal.  Failure to comply with these processes shall be grounds for dismissal by the
2  general duty or assigned judge in this District.
3    <u>Fourth</u>, the Court holds that the underlying lawsuit in this action is frivolous.  As
4  explained in the Court's separate order dismissing the FAC, the first claim, alleging a
5  conspiracy between officials from two branches of government not to serve him with two
6  filings, violates the substantiality doctrine.  See <u>Ou-Young v. Cnty. of Santa Clara</u>, 2022
7  WL 1471411, at *3 (district court lacks jurisdiction over "bizarre or wholly implausible
8  conspiracy theories").  Both claims in the FAC fail to establish that the United States
9  waived sovereign immunity.  The first claim further fails because it does not allege how
10 and when the Defendants conspired to violate Plaintiff's rights, ¶ c1, and the second claim
11 further fails because the conduct Plaintiff complains of does not involve case-initiating
12 filings that would be subject to Rule 5-1(b), Plaintiff does not allege that Defendants were
13 involved in enacting Rule 5-1(b), and Plaintiff does not allege how he was injured by Rule
14 5-1(b), <u>see</u> <u>id.</u> ¶ c2.  The underlying lawsuit thus continues Plaintiff's pattern of bringing
15 frivolous and harassing cases against these and like defendants notwithstanding previous
16 dismissals.  There is no reason for this Court to believe that Plaintiff will stop filing
17 frivolous lawsuits against Defendants going forward.
18   For the foregoing reasons, Plaintiff must obtain leave of the Court before filing any
19 additional in propria persona civil actions in the Northern District of California <u>against</u>
20 <u>Clerk of Court Mark Busby or any employee of the U.S. Attorney's Office</u>.  To any federal
21 complaint that Plaintiff seeks to file—either original complaints or amended complaints—
22 Plaintiff must <u>attach a copy of this order, as well as the two previous federal prefiling</u>
23 <u>orders</u>.  In the event that one of Plaintiff's state court complaints is <u>removed</u> to this
24 District, Plaintiff shall file this order, as well as the two previous federal prefiling orders,
25 within two weeks of removal.  Failure to comply with these processes shall be grounds for
26 dismissal by the general duty or assigned judge in this District.
27   //
28   //

**IT IS SO ORDERED.**

Dated:  January  14, 2026



CHARLES R. BREYER
United States District Judge