United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KUANG-BAO PAUL OU-YOUNG,

Plaintiff,

v.

PATRICK D. ROBBINS, et al.,

Defendants.

Case No.  25-cv-08983-CRB

**ORDER GRANTING MOTION TO DISMISS**

Pro se Plaintiff Kuang-Bao Paul Ou-Young brought suit against: Patrick D. Robbins, Acting U.S. Attorney; Pamela T. Johann, Chief, Civil Division, U.S. Attorney's Office; Kelsey Helland, Assistant U.S. Attorney, U.S. Attorney's Office (collectively, "U.S. Attorney Defendants"); and Mark B. Busby, Clerk, U.S. District Court.  See FAC (dkt. 4).  The case stems from a November 2024 case that Plaintiff brought against Busby and others, and the U.S. Attorney's Office's motion to dismiss and motion to expand pre-filing orders in that case.  Id. ¶¶ 1–3.  Plaintiff's two claims here allege (1) that Defendants "conspired . . . to deny [P]laintiff the First Amendment right to petition the government" by failing to serve him with the defendants' motion to dismiss and motion to expand pre-filing orders; and (2) that Civil Local Rule 5-1(b), which requires pre se parties to file case-initiating documents manually, violated his equal protection and due process rights.  Id. ¶¶ c1, c2.  Defendants move to dismiss the complaint, see MTD (dkt. 16)[1]; Reply re MTD (dkt. 21); and Plaintiff opposes the motion, see Opp'n re MTD (dkt. 19).[2]  However,

---

[1] Defendants separately move for the entry of a third pre-filing order, see Vex. Mem. (dkt. 17), and ask that the Court rule on that order prior to ruling on the motion to dismiss, see MTD at 2 n.2.

[2] The Court finds this matter suitable for resolution without oral argument pursuant to Civil

1    Plaintiff's opposition does not address any of the arguments Defendants make in moving

2    to dismiss.  Rather, Plaintiff inaccurately asserts that Judge Eumi K. Lee, by authorizing

3    the filing of the complaint, addressed "[w]hatever issues" Defendants raised in the motion

4    to dismiss.  See Opp'n at 1–2.  This is wrong, as Judge Lee's order merely held that the

5    complaint did not implicate the two existing pre-filing orders.  See Opp'n Ex. A (dkt. 19-

6    2).  Because he does not address any of Defendants' arguments, Plaintiff concedes them.

7    See Tyler v. Travelers Commercial Ins. Co., 499 F. Supp. 3d 693, 701 (N.D. Cal. 2020).

8        Even if Plaintiff had opposed Defendants' arguments, those arguments would still

9    prevail.

10       The Court DISMISSES the case under Rule 12(b)(1) of the Federal Rules of Civil

11   Procedure because the first claim—baselessly alleging a conspiracy between officials from

12   two branches of government not to serve him with two filings notwithstanding his ECF

13   service copies—violates the substantiality doctrine.  See Ou-Young v. Cnty. of Santa

14   Clara, No. 21-cv-07361-BLF, 2022 WL 1471411, at *3 (N.D. Cal. May 10, 2022) (district

15   court lacks jurisdiction over "bizarre or wholly implausible conspiracy theories").  It also

16   dismisses both claims under Rule 12(b)(1) because Plaintiff failed to establish that the

17   United States waived sovereign immunity for these official capacity claims.[3]

18       The Court also DISMISSES the case under Rule 12(b)(6) of the Federal Rules of

19   Civil Procedure because both claims are conclusory.  See Ashcroft v. Iqbal, 556 U.S. 662,

20   678 (2009) (requiring "more than an unadorned, the-defendant-unlawfully-harmed-me

21   accusation").  The first claim fails to allege how and when the Defendants conspired to

22   violate Plaintiff's rights or even what not receiving paper copies of documents has to do

23   with his rights.  See FAC ¶ c1.  The second claim does not make sense—the conduct

24   Plaintiff complains of is not about case-initiating filings that would be subject to Rule 5-

25   1(b), Plaintiff does not allege that Defendants were involved in enacting Rule 5-1(b), and

26

27   Local Rule 7-1(b), VACATES the hearing previously set for February 13, 2026, and
     GRANTS the motion.

28   [3] The Court does not read the case as bringing individual capacity claims against
     Defendants and so does not reach Defendants' arguments on that point.

1    Plaintiff does not allege how he was injured by Rule 5-1(b).  <u>See</u> <u>id.</u> ¶ c2.

2        Because the Court concludes that amendment would be futile, dismissal is with

3    prejudice.  <u>See</u> <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir,

4    2003).

5        **IT IS SO ORDERED.**

6        Dated:  January  <u>14</u> , 2026



        CHARLES R. BREYER
7        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28